UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:21-cv-244 |
| ex. rel.  ALEJANDRO RAYMOND & | SECTION: |
| WAYNE ROY | JUDGE: |
| | MAGISTRATE: |
| VERSUS | All Pleadings and Motions filed *In Camera* |
| LAFAYETTE ELEMENT | Sealed pursuant 31 USCA 3730 (b) (2) and |
| MATERIALS TECHNOLOGY, LLC | By order of the Court with Seal expiring _____. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>COMPLAINT</u>

Now into court, through undersigned counsel comes and appears plaintiffs – relators Alejandro Raymond and Wayne Roy (Raymond/Roy) who, file this Complaint pursuant to 31 USCA Section 3729 et seq, in the name of the United States of America, and with respect alleges as follows:

I.

Made defendant herein is Lafayette Element Materials Technology LLC,  a Louisiana Limited Liability Corporation (hereinafter Element) with its domicile in Parish of Lafayette, Louisiana, and it agent for process being CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA, 70816, Parish of East Baton Rouge, State of Louisiana.

II.

This honorable court has jurisdiction over this matter under 28 USC Section 1331 as a matter of federal question since these claims arise under several United States laws as

specifically set forth in paragraph VI hereinafter and Plaintiffs/Relators Raymond and Roy are authorized and entitled to bring this action under the False Claims Act, 31 USC Sections 3729 et seq.

III.

Venue is proper in this court under 28 USC Section 1391 as the defendants are doing business in within the bounds of this judicial district, have their domicile located in the bounds of this judicial district and/or the harm complained of occurred within this district.

IV.

The causes of action alleged herein arise from the intentional and illegal discharge, disposal, and dumping of hazardous and/or toxic substances, including, but not limited to DCM, Toluene, Benzene and Hexane.

V.

At all times relevant hereto these actions of Element took place in the Parish of Lafayette, State of Louisiana, United State of America, which is located within the boundaries of the Western District of Louisiana.

VI.

Raymond/Roy, proceeding herein, in the name of and on behalf of, the United States of America has brought this action to recover damages and penalties attributable to the defendant's fraudulent concealment of violations of reporting and remediation under the following federal environmental laws to wit:

    A.  Clean Air Act 42 USC Sections 7401 et seq;

    B. Clean Water Act 33 USC Sections 1151 et seq;

    C. Toxic Substance Control Act 15 USC Sections 2601 et seq;

    D. Resource Conservation and Recovery Act 42 USC Sections 6904 et seq;

    E. Comprehensive Environmental Response, Compensation, and Liability Act 42 USC 9601 et seq.

SPECIFIC FACTUAL ALLEGATIONS

VII.

Element holds itself out as specializing in a comprehensive range of Bioassay, GLP complaint toxicity testing, RCRA, wastewater. NPDES, UST, groundwater, RECAP, 29-B test methods and procedures and air/emissions testing.  Element Lafayette publicly states that it does all this with the safety of its employees, and the public in mind at all time.

VIII.

On February 12, 2020, Element released harsh and toxic materials and chemicals down the building drainage system in violation of The Clean Water Act, 33 USCA Section 1251 et seq. and other federal and state environmental safety laws and regulations.

IX.

Thereafter, on May 13, 2020, another similar discharge of toxic and dangerous materials was disposed down the buildings drainage system again in violation of federal and state environmental safety laws and regulations.

X.

On both of the above occasions, the materials discharge included but are not limited to DCM, Toluene, Benzene and Hexane.

XI.

On both occasions, Element failed to report and mitigate these discharges of dangerous and toxic chemicals in violation of federal and state environmental laws and regulations

XII.

Element as part of its regular business operations also is engaged in the storage of caustic, toxic and dangerous chemicals and substances on its business premises located at 2417 W. Pinhook Road, Lafayette, Louisiana, which is in close proximity to residential, commercial, child-care, and medical areas as well as Coulee des Poches which is a waterway draining to the Vermilion River.

XIII.

Said storage is commonly done in violation of safety standards, without proper labelling, storage in excess of safe time limits, and without proper monitoring.

XIV.

Element has failed to report and/or take action to mitigate or remedy the improper and dangerous storage in violation of federal and state environmental laws and regulations.

XV.

Plaintiffs/Relators, in the name of the United States has brought this action to recover damages and penalties attributable the to violations of the Acts specified Paragraph VI of this complaint, specifically the actual acts of improper discharge and storage alleged, together with failure and omission to report same as required by law, to take steps to mitigate and prevent future and further violations, as well as to properly investigate said violations.

XVI.

Plaintiff/Relators, Raymond/Roy have personally witnessed the violations herein and have personal knowledge of the actions, omissions, and failures of Element alleged herein.
RELATED PERSONAL CAUSES OF ACTION

XVII.

In addition to the claims under the False Claims Act alleged above, Plaintiff Raymond and Roy allege that all of the actions above were engaged in officers and agents of Element intentionally and/or with a substantial certainty that the acts would result in harm to employees to Element.

XVIII.

As a result of these intentional discharges of toxic and dangerous substances on February 12, and May 13, 2020, Plaintiffs Raymond and Roy suffered injury for which they are entitled to damages.

XIX.

As the damages suffered by Raymond and Roy were caused by intentional acts of officers

and agents of Element, they are not subject to the exclusive remedy provisions of the Louisiana Workers Compensation Act.

XX.

Plaintiffs Raymond and Roy, itemizes their personal damages as follows:

1) Past and future medical expenses;

2) Past and future pain and suffering, mental anguish and distress;

3) Loss of enjoyment of life; and

4) Lost wages and/or earning capacity;

5) Fear of serious disease and/or illness from exposure to toxic and/or dangerous substances released; and

6) Other damages to be shown at trial.

XXI.

This Honorable Court has jurisdiction over these claims as the injuries suffered and damages incurred were the result of and/or arose out of the violation of federal laws and regulations and therefore are subject to federal question jurisdiction of this Honorable Court.

WHEREFORE, Relators on behalf of themselves and the United States prays that this complaint be ordered filed of record herein and served upon the defendants, the US Attorney for the Eastern District of Louisiana, and the US Attorney General and that after all legal delays and due proceedings had that there be judgment in favor of the United States and your Relator for the following:

a) All actual incidental and/or consequential damages and/or civil fines and penalties

retained in violation of the law and the leases herein by the United States;

    b) Treble damages pursuant to 31 US Section 3729 (a);

    c) Post judgement interest pursuant to law

    d) That plaintiff/relator be awarded reasonable and necessary attorney's fees, litigation expenses, and court costs;

    e) That relator by awarded the appropriate percentage of any judgment herein under the applicable law; and

    FURTHER, Plaintiffs Raymond and Roy pray that after service citation, all legal delays, and due proceedings had that there be further judgment in favor of Raymond and Roy and against Element Lafayette for damages in an amount to be proven at a trial of this matter which is reasonable under the circumstances, plus legal interest from the date of judicial demand, until paid, and for all costs of these proceedings;

    And for all general and equitable relief herein.

Respectfully submitted,

**THE GLENN ARMENTOR LAW CORPORATION**

BY: *Mark L. Riley*

**MARK RILEY** (Bar Roll No. 11272) T.A.
**GLENN ARMENTOR** (Bar Roll No. 2541)
300 Stewart Street
Lafayette, Louisiana 70501
Telephone: (337) 233-1471
Fax: (337) 233-5655
E-mail: mriley@glennarmentor.com
Counsel for Relator