UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ALEJANDRO RAYMOND ET AL** | **CASE NO. 6:21-CV-00244** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAFAYETTE ELEMENT MATERIALS TECHNOLOGY L L C** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before this Court are motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6) filed by defendant Element Material Technology Lafayette, LLC ("EMTL"). (Rec. Docs. 14, 23). Plaintiffs oppose the motions. (Rec. Docs. 18, 26). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that EMTL's second motion to dismiss before the Court be GRANTED and its first motion to dismiss be DENIED as MOOT.

This suit was filed by relators Alejandro Raymond and Wayne Roy on behalf of the United States of America ("Relators") alleging violations of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.* Relators' original complaint named as its sole defendant Lafayette Element Materials Technology, LLC ("Lafayette Element") and alleged that Lafayette Element had engaged in concealment of violations of the Clean Air Act, Clean Water Act, Toxic Substance Control Act, Resource Conservation and Recovery Act, and Comprehensive Environmental Response, Compensation, and Liability Act. (Rec. Doc. 1 at ¶ VI). Relators further allege that on February 12, 2020 and May 13, 2020, Lafayette Element "released harsh and toxic materials and chemicals" including "DCM, Toluene, Benzene and Hexane." Relators allege they "reported the discharge to their superiors who intentionally and with disregard to public safety and safety of employees did

not report the discharge as required by law." (*Id.* at ¶¶ VIII – X; Rec. Doc. 21 at p. 1). Relators similarly allege that Lafayette Element routinely engages in the storage of hazardous chemicals "in violation of safety standards, without proper labelling…[and] in excess of safe time limits, and without proper monitoring." (*Id.* at ¶ XIII). Relators also assert intentional tort claims under Louisiana law related to EMTL's alleged improper disposal of hazardous chemicals. (*Id.* at ¶ XVII – XX).

Relators sought and were granted leave to file an Amended Complaint, which properly named EMTL. (Rec. Doc. 6). EMTL filed its first motion to dismiss on October 12, 2022, seeking dismissal of all claims against it on the following grounds: (1) EMTL is not properly named in Relators' complaint and, despite numerous attempts urging Relators to cure the deficiency, EMTL remains unserved; (2) Relators fail to state a claim under the False Claims Act; and (3) this Court should decline to exercise supplemental jurisdiction over Relators' Louisiana law claims upon dismissal of Relators' False Claims Act claims. (Rec. Doc. 14).

Relators sought and were granted leave to file a Second Amended Complaint in this matter. (Rec. Doc. 20). Relators' Second Amended Complaint added allegations of intentional conduct by EMTL in conjunction with the claims already asserted. (Rec. Doc. 21). EMTL renewed its motion to dismiss, seemingly acknowledging prior identification and service issues had been cured but seeking dismissal of Relators' claims under the False Claims Act pursuant to Federal Rule of Procedure 12(b)(6) and asking the Court to decline supplemental jurisdiction over Relators' Louisiana law personal injury claims pursuant to 28 U.S.C. § 1367(c)(3). (Rec. Doc. 23).

As is the custom of this Court, denial of EMTL's motion filed prior to Relators' filing of their Second Amended Complaint will be recommended, as the filing of the amended complaint rendered such motion moot. 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*; *Beroid v. LaFleur*, Civ. Act. No. 21-cv-516, 2022 WL 396165 (W.D. La.

2

1/24/22) (*adopted*, 2022 WL 393630 (W.D. La. 2/8/22)); *Deshotel v. PayPal, Inc.*, Civ. Act. No. 19-cv-0373, 2019 WL 4010992 (W.D. La. 8/22/19); *Ultravision Technologies, LLC v. Eaton Corp., PLC*, 2019 WL 11250161 (E.D. Tex. 11/8/19) (internal citations omitted); *Probado Technologies Corp. v. Smartnet, Inc.*, 2010 WL 918573 (S.D. Tex. 3/12/10).

## Law and Analysis

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

The False Claims Act, 21 U.S.C. § 3729 creates a private cause of action for individuals in the name of the United States government. Once such a suit is filed, the government is permitted

3

to intervene to assume prosecution of the claim(s). If the government declines to intervene, the individual, now termed a "relator" may continue to prosecute the claim, termed a "qui tam" action. 31 U.S.C. § 3730(a) – (b). A plaintiff alleging violation of the False Claims Act must demonstrate four elements: "(1) whether there was a false statement or fraudulent course of conduct; (2) made or carried out with requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim). *U.S. ex rel. King v. Solvay Pharmaceuticals, Inc.*, 871 F.3d 318, 324 (5th Cir. 2017) (quoting *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009) (citation omitted).

In this case Relators attempt to assert a "reverse false claims act" suit under 31 U.S.C. § 3729(a)(1)(G). As here, a reverse false claim suit entails an allegation that the defendant concealed an obligation to pay the government a penalty. "In a reverse false claims suit, the defendant's action does not result in improper payment by the government to the defendant, but instead results in no payment to the government when a payment is obligated." *U.S. ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 653 (5th Cir. 2004).

Relators allege EMTL improperly disposed of hazardous chemicals in violation of the Clean Air Act, Clean Water Act, Toxic Substance Control Act, Resource Conservation and Recovery Act, and Comprehensive Environmental Response, Compensation, and Liability Act. (Rec. Doc. 1 at ¶ VI). Relators claim EMTL purposefully hid its violations of these statutes to avoid regulatory fines and penalties which would have otherwise been imposed by the government. The U.S. Fifth Circuit Court of Appeals has conclusively addressed this theory of liability and has determined that the regulatory fines and penalties upon which Relators attempt to base their *qui tam* claim do not constitute an "obligation" under 31 U.S.C. § 3729(a)(7). *Bain*, 386 F.3d at 658 (alleged violations of the Clean Air Act resulted in "mere contingent potential that such fines or

4

penalties might be (but had not been) sought and imposed" and not an "obligation to pay or transmit money" within the meaning of the False Claims Act); *U.S. ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 391 (5th Cir. 2008) (alleged violations of the Federal Water Pollution Control Act resulted in "contingent" or "potential" and, therefore, not an "obligation to pay" under Section 3729(a)(7)); *U.S. ex rel. Simoneaux v. E.I. duPont de Nemours & Co.*, 843 F.3d 1033, 1040 (5th Cir. 2016) (alleged violation of the Toxic Substances Control Act did not result in an "obligation" under the False Claims Act based on *Bain*, *Marcy*, and that statute's language contemplating that penalties "may be imposed" or may be substituted for criminal penalties). Relators' opposition offers no rebuttal to these Fifth Circuit cases and acknowledges their application in this case. (Rec. Doc. 26 at p. 2).

Considering the foregoing, this Court finds Relators fail to state a claim upon which relief may be granted under the False Claims Act and will recommend Relators' *qui tam* claims for violations of the Clean Air Act, Clean Water Act, Toxic Substance Control Act, Resource Conservation and Recovery Act, and Comprehensive Environmental Response, Compensation, and Liability Act be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Turning to Relators' remaining Louisiana law intentional tort claims, this Court will recommend the Court decline to exercise its supplemental jurisdiction over such claims following dismissal of Relators' *qui tam* claims pursuant to 28 U.S.C. § 1367(c)(3). *Alost v. DeSoto Reg'l. Health System Found.*, Civ. Act. 19-cv-01504 2020 WL 6947795 (W.D. La. 11/10/20) (recommending the Court decline to exercise supplemental jurisdiction over relator's remaining claims after striking *qui tam* claims) (*adopted*, 2020 WL 6947888 (W.D. La. 11/25/20)).

## Conclusion

For the reasons discussed herein, the Court recommends that EMTL's first motion to dismiss (Rec. Doc. 14) be DENIED as MOOT based on Relators' subsequent amendment and that its second motion to dismiss (Rec. Doc. 23) be GRANTED. Considering the foregoing, it is further recommended that Relators' *qui tam* claims be DENIED and DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and Relators' remaining Louisiana law claims be DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 16th day of May, 2023.

DAVID J. AYO
**UNITED STATES MAGISTRATE JUDGE**